UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00300-GNS-CHL

RHONDA JACKSON                                                                                      PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 17) and Plaintiff's Motion for Leave to File a Supplemental Complaint (DN 26). The motions are ripe for adjudication.

### I.  SUMMARY OF THE FACTS

In 2013, Plaintiff Rhonda Jackson ("Rhonda") and her husband ("Donald") purchased a home in Louisville, Kentucky, financed with a mortgage loan from Branch Banking and Trust Co. ("BB&T").[1] (Compl. ¶ 11, DN 1-1). Donald filed for bankruptcy in 2020, but Rhonda was not a party to the petition. (Compl. ¶¶ 12, 17). While Donald's personal liability to BB&T was ultimately discharged, Rhonda's liability on the underlying debt was not discharged and BB&T retained its secured rights in the collateral. (Compl. ¶¶ 16, 18).

At some point, Truist issued a Form 1099-C to both Rhonda and Donald, indicating that $21,727.05 in debt had been discharged. (Compl. ¶¶ 19-21). Truist then sent Donald and Rhonda a mortgage statement showing the principal balance due and total amount owed on the note. (Compl. ¶ 22). Truist reported Rhonda's outstanding debt to three consumer reporting agencies

---

[1] Rhonda alleges BB&T is the predecessor institution to Defendant Truist Bank ("Truist"), as BB&T merged with SunTrust Banks, Inc. in 2019 to form Truist. (Compl. ¶¶ 11, 15).

("CRAs"), which Rhonda disputed alleging Truist could not discharge the debt while still claiming a positive balance was due. (Compl. ¶¶ 25-27). Ultimately, the CRAs continued to report a positive balance was due. (Compl. ¶ 36).

Rhonda initiated this action in Jefferson Circuit Court, Kentucky, against Truist and the CRAs for violations of the Fair Credit Reporting Act ("FCRA"). (Compl. ¶¶ 2, 4-10, 44-78). The action was removed to this Court in June 2022. (Notice Removal, DN 1).

## II.   JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to federal question jurisdiction. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1681p.

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). A pleading offering only labels, formulaic recitations of a claim's elements, or generalized assertions without factual support does not meet this burden. *Iqbal*, 556 U.S. at 678. Facts "'merely consistent with' a defendant's liability" or that "do not permit the court to infer more than the mere possibility of misconduct" are inadequate, as it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citations omitted).

## IV.     DISCUSSION

### A.     Truist's Motion to Dismiss (DN 17)

The "FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).  As such, the FCRA imposes a responsibility upon the furnishers of information to refrain from reporting inaccurate information to CRAs.  15 U.S.C. § 1681s-2(a).  If the completeness or accuracy of a consumer's information is disputed, the CRAs and the furnisher must conduct reasonable investigations.  15 U.S.C. §§ 1681i(a), 1681s-2(b).  If the investigation concludes that the information is incomplete, inaccurate, or unverifiable, it must be modified or deleted.  15 U.S.C. §§ 1681i(a)(5)(A), 1681s-2(b)(1).  A consumer may bring an action against a furnisher for willful or negligent noncompliance with the duties in Section 1681s-2.  15 U.S.C. §§ 1681n, 1681o.

"[A] threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under § 1681s-2(b)." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018).  Truist contends no inaccuracy existed, as Rhonda's obligation to pay the mortgage was not discharged by Donald's bankruptcy or the Form 1099-C.  (Def.'s Mot. Dismiss 1-2, 7-13, DN 17).  Rhonda concedes her liability was not discharged through bankruptcy but insists that the reporting was inaccurate because of the Internal Revenue Service ("IRS") form issued by Truist to Rhonda.  (Compl. ¶ 18; Pl.'s Resp. Def.'s Mot. Dismiss Compl. ¶¶ 41, 48, DN 21).  There is no dispute that a Form 1099-C was issued, only its legal significance.[2]

---

[2] The Form 1099-C issued by Truist to Rhonda was not attached to the Complaint, but instead was included as exhibit to Truist's motion.  (Def.'s Mot. Dismiss Ex. 3, DN 17-3).  Courts may consider documents without converting the motion to dismiss into one for summary judgment so long as they are "referred to in the pleadings and [are] integral to the claims . . . ." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted).

When discharging a debt of $600 or more, an "information return" must be completed on a Form 1099-C and filed with the IRS, if triggered by one of nine "identifiable events." Treas. Reg. § 1.6050P-1(a)(1), (b)(2); *see* I.R.C. § 6050P. The Form 1099-C in this action lists Subpart "A" as the event, indicating "discharge of indebtedness under Title 11 of the United States Code (bankruptcy)." (Def.'s Mot. Dismiss Ex. 3, at 2, DN 17-3). Courts are divided on the effect of issuing a Form 1099-C. (Def.'s Mot. Dismiss 9-12). A majority hold that filing the form is irrelevant in discharging a debt. *See FDIC v. Cashion*, 720 F.3d 169, 179 (4th Cir. 2013); *Robbins v. Dyck O'Neal, Inc.*, 447 F. Supp. 3d 1100, 1106 (D. Kan. 2020); *Lifestyles of Jasper, Inc. v. Gremore*, 299 S.W.3d 275, 277 (Ky. App. 2009); *see also* Treas. Reg. § 1.6050P-1(a)(1) (providing that "a discharge of indebtedness is deemed to have occurred" if an identifiable event exists, "whether or not an actual discharge of indebtedness . . . has occurred."). This is supported by guidance documents from the IRS. *See* I.R.S. Info. 2005-0207, 2005 WL 3561135 (Dec. 30, 2005); I.R.S. Info. 2005-0208, 2005 WL 3561136 (Dec. 30, 2005). A minority, however, have found the opposite. *See Cashion*, 720 F.3d at 178 (collecting cases).

This is not a novel issue to this Court, as it has thrice been considered on motions to dismiss. *See Baker v. Am. Fin. Servs.*, No. 3:16-CV-00065-GNS, 2016 U.S. Dist. LEXIS 97040, at *6-7 (W.D. Ky. July 26, 2016); *Johnson v. Branch Banking & Trust Co.*, No. 3:18-CV-150-CRS, 2018 U.S. Dist. LEXIS 159633, at *6-8 (W.D. Ky. Sept. 19, 2018); *Vaughn v. Branch Banking & Trust Co.*, No. 3:18-CV-00444-GNS, 2019 U.S. Dist. LEXIS 45543, at *5-7 (W.D. Ky. Mar. 20, 2019). Each time, this Court declined to dismiss the action, finding it unnecessary to align with either view given the standard to survive a motion under Fed. R. Civ. P. 12(b)(6). *Baker*, 2016 U.S. Dist. LEXIS 97040, at *7; *Johnson*, 2018 U.S. Dist. LEXIS 159633, at *9; *Vaughn*, 2019 U.S. Dist. LEXIS 45543, at *7. The facts alleged here do not merit deviating from this precedent, as Rhonda

is not required to prove the merit of her claims at this stage, but only to plead a claim to relief that is facially plausible. Rhonda has met this standard. *See Johnson*, 2018 U.S. Dist. LEXIS 159633, at \*9 ("Issuance of a Form 1099-C, standing alone, does not prove that the debt was discharged. However, to survive a motion to dismiss, [the plaintiffs] do not need to *prove* anything." (internal citations omitted)). As such, there is a dispute at this juncture regarding whether Rhonda's debt to Truist has been discharged as she claims or whether she still owes Truist the outstanding loan balance. *See Shull v. Synchrony Bank*, No. 1:19-cv-00715, 2020 U.S. Dist. LEXIS 52365, at \*10 (M.D. Pa. Mar. 26, 2020) (following *Johnson* and noting that "[e]ven though the issuance of the 1099-C standing alone does not prove that the debt was discharged as a matter of law, the debt in fact may have been discharged."). If Rhonda's interpretation prevails, then the debt was discharged, and Truist's reporting was inaccurate. Conversely, if Truist's interpretation succeeds, then the reporting was accurate, and Rhonda's claims are subverted. As this Court remarked in *Baker*, "[d]iscovery may ultimately prove discharge did not in fact occur, but at this stage the Court finds Plaintiff's allegation of discharge is plausible." *Baker*, 2016 U.S. Dist. LEXIS 97040, at \*7.

Truist contends that the Complaint details only legal disputes, not factual ones, so it is not redressable under the FCRA. (Def.'s Mot. Dismiss 13-14). The Complaint alleges Truist and the CRAs failed to conduct reasonable investigations into Rhonda's disputes with Truist violating the FCRA willfully or negligently. (Compl. ¶¶ 34, 44-49); 15 U.S.C. §§ 1681n, 1681o. Accepting well-pleaded facts as true, factual issues are presented as to whether the circumstances surrounding the issuance of the Form 1099-C rendered the information inaccurate or incomplete, whether the investigation was reasonable, and the relevant state of mind for any violations. *See Tackett*, 561 F.3d at 488; *Boggio*, 696 F.3d at 618 ("[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a

5

dispute."); *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) ("A 'willful' violation is either an intentional violation or a violation committed . . . in reckless disregard of its duties under the FCRA."). Therefore, Truist's motion to dismiss is denied.

### B. Plaintiff's Motion For Leave (DN 26)

Rhonda moves for leave to file a supplemental complaint to bring additional claims and to add Donald as a plaintiff. (Pl.'s Mot. Leave, DN 26). Rhonda asserts that Truist conceded it "deliberately and intentionally" issued the Form 1099-C to her "for purposes of creating tax liability for her and her husband based on the debt discharged in Mr. Jackson's bankruptcy case." (Pl.'s Mot. Leave 2-4).[3] As such, she attempts to bring claims for negligence, breach of fiduciary duty, breach of contract, and defamation. (Pl.'s Mot. Leave Ex. 1, at ¶¶ 29-56, DN 26-1 [hereinafter Prop. Supp. Compl.]).

Fed. R. Civ. P. 15(a) governs amendments to pleadings, while 15(d) governs supplemental pleadings based on a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The purpose of a supplement "is to bring the case 'up to date' by 'set[ting] forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought.'" *El-Khalil v. Usen*, No. 21-1140, 2021 U.S. App. LEXIS 30186, at *10 (6th Cir. Oct. 7, 2021) (alteration in original) (quoting *Weisbord v. Mich. State Univ.*,

---

[3] Truist's reply states:

> For Plaintiff and her husband's purported tax liability, it makes no difference if Plaintiff and her husband were issued: (i) one 1099-C with both of their names on it, or (ii) if only Mr. Jackson was issued a 1099-C and Plaintiff was not, or (iii) if (as is the case here) both Plaintiff and Mr. Jackson received separate forms. Under each of these scenarios, Mr. Jackson's discharge of his debt obligation resulted in gross income on his and Plaintiff's joint tax return in the total amount of the debt discharged.

(Def.'s Reply Mot. Dismiss 7, DN 23). Rhonda disputes that the discharged obligation is gross income. (Pl.'s Mot. Leave 3-4 (citing I.R.C. § 108(a)(1)(A))).

495 F. Supp. 1347, 1351 (W.D. Mich. 1980)). It "may set forth new facts, new parties, and even, in some circumstances, new claims" and are reviewed under the same standard as amendments under Rule 15(a)(2), with leave being "freely giv[en] [] when justice so requires." *Id.* (citation omitted); *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); Fed. R. Civ. P. 15(a)(2). The Court has discretion in allowing such pleadings, and "as a general rule, applications for leave . . . are normally granted." *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999) (citations omitted); *see Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("[I]t should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" (internal quotation marks omitted) (citation omitted)). Courts may consider factors such as undue delay in filing, undue prejudice to the parties, bad faith by the movant, trial inconvenience, and the pleading's futility. *Stewart*, 189 F.R.D. at 362; *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

Rhonda's supplement satisfies the requirements of Fed. R. Civ. P. 15(c), as her new claims arise from the issuance of the Form 1099-C to her by Truist. *See* Fed. R. Civ. P. 15(c); *Stewart*, 189 F.R.D. at 362 (noting that courts recognize supplemental pleadings are subject to Rule 15(c)'s "relation back" requirements). Likewise, the motion does not present issues of undue delay, prejudice, or bad faith, as it was filed shortly after Truist's reply, Truist has yet to file an Answer, and no scheduling order has been entered. (*See* Pl.'s Mot. Leave; Def.'s Reply Mot. Dismiss). Truist contends the claims are futile, as there is no duty for negligence or breach of fiduciary duty, no contract for breach of contract, and no false statement for defamation. (Def.'s Resp. Pl.'s Mot. Leave 6-14, DN 30). The supplement, however, sufficiently alleges the existence of a duty through case law, alleges duties contained within the mortgage agreements for the breach of contract, and contends that the "identifying event" on the Form 1099-C was "demonstrably false." (Prop. Supp.

Compl. ¶¶ 29-56). Taking pled facts as true, the supplement is not futile. *See Tackett*, 561 F.3d at 488; *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (explaining that an amendment is futile if it cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

As for Donald, Fed. R. Civ. P. 20(a)(1) provides for his joinder as a plaintiff if he and Rhonda "assert [a] right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and have a common question of fact or law. Rhonda maintains that her and Donald's claims against Truist are identical and that adding him as a plaintiff would eliminate the risk of duplicative work and inconsistent judgments. (Pl.'s Mot. Leave 4-5). Truist asserts that res judicata preludes Donald's addition, as he already litigated his claims against Truist. (Def.'s Resp. Pl.'s Mot. Leave 14-15 (citing *Jackson v. Truist Bank*, No. 20-30171(1)(7), 2022 Bankr. LEXIS 2701 (Bankr. W.D. Ky. Sept. 29, 2022))).

"A final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were *or could have been raised* in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added) (citations omitted). The Sixth Circuit utilizes a four-part test for determining whether res judicata applies: (1) there is a prior final decision on the merits by a court with jurisdiction; (2) the case is between the same parties; (3) the issue was or should have been litigated in the prior action; and (4) an identity of the causes of the action. *United States v. Gordon*, 563 F. Supp. 3d 660, 666 (W.D. Ky. 2021) (citing *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981)). In his bankruptcy action against Truist, Donald alleged that "Truist violated the discharge injunction by treating the discharge of [his] personal liability of the BB&T mortgage as gross income and reporting the same to the Internal Revenue Service via a Form 1099-C for debt cancellation." *Jackson*, 2022 Bankr. LEXIS 2701,

8

at *4-5. Ultimately, however, Truist's motion to dismiss was granted on the basis that issuance of the Form 1099-C was not a violation of the discharge injunction. *Id.* at *10, 15.

The claims to which Rhonda seeks to add Donald are part and parcel of the claim Donald brought against Truist in his bankruptcy case. Although Donald did not allege claims in his prior action identical to those asserted in the supplemental complaint, res judicata still applies. *See Westwood Chem. Co.*, 656 F.2d at 1229 ("The fundamental function of the doctrine of res judicata is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy."). Donald had the opportunity to assert these claims in his previous suit against Truist and did not; he cannot circumvent the Bankruptcy Court's dismissal by joining Rhonda's action here. As such, the motion to add Donald as a party plaintiff is denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 17) is **DENIED**.

2. Plaintiff's Motion for Leave to File a Supplemental Complaint (DN 26) is **GRANTED**, but the request to add Donald Jackson as a Party Plaintiff is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

February 17, 2023

cc: counsel of record